**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert LISS, et al., | ) | No. CV-04-2001-PHX-SMM |
| Plaintiffs, | ) ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| v. | ) ) | |
| EXEL TRANSPORTATION SERVICES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| EXEL TRANSPORTATION SERVICES, INC., | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| Robert E. LISS, et al., | ) ) | |
| Counterdefendants. | ) ) ) | |

Pending before the Court is a Motion for Partial Judgment on the Pleadings [Doc. No. 62], filed by Defendant Exel Transportation Services, Inc. After considering the arguments raised by the parties in their briefs [and during oral argument], the Court issues this Memorandum of Decision and Order.

## BACKGROUND

Plaintiff/Counterdefendant Robert Liss ("Liss") worked for Defendant/Counterclaimant Exel Transportation Services, Inc. ("Exel" or "Defendant"), and

its predecessor companies from December 28, 1992 to May 6, 2004. (Countercl. ¶ 22.) On July 1, 1994, Liss entered into an Employment and Non-Compete Agreement with Jupiter Transportation, a wholly-owned subsidiary of Mark VII Transportation Company, which is now known as Exel. (Ex. A to Compl., Ex. B to Countercl.) In a December 23, 1998 addendum to the 1994 agreement, Jupiter Transportation assigned the agreement to Taurus Trucking, another wholly-owned subsidiary of Mark VII Transportation Company, now Exel. (Id.) In the addendum, the parties confirmed the provisions of the 1994 agreement would continue with the assignment from Jupiter to Taurus. (Id.) In the 1994 agreement and addenda that followed, Liss was referred to as "Executive." (Id.) At the time of his departure from Exel, Liss was a President of Exel. (Countercl. ¶ 22.)

On August 2, 2004, Plaintiffs Robert E. Liss and Zoe Liss[1] filed a Complaint in Maricopa County Superior Court against Defendants. The Complaint alleged two counts under Arizona state law: breach of contract and unpaid wages and treble damages under Arizona Revised Statutes § 23-355. (Compl.) Specifically, Liss claims that Exel breached the 1994 agreement, as amended by addenda, by failing to pay Liss bonus compensation, and Liss is therefore entitled to treble damages due to Exel's bad faith breach. (Compl. ¶¶ 15, 27-29.) Exel removed the action to this Court on September 23, 2004. (Doc. No. 1.)

Exel answered the Complaint and filed a Counterclaim against Liss on October 6, 2004, alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, misappropriation of Exel's trade secrets in violation of Arizona state law, breach of fiduciary duty, tortious interference with prospective business relationships, and accounting. (Doc. No. 6.) Liss filed a Motion to Dismiss the Counterclaim on October 29, 2004, which the Court denied in an Order dated September 30, 2005. (Doc. Nos. 7, 58.) Liss answered the Counterclaim on October 21, 2005. (Doc. No. 61.)

---

[1] As in a prior Order, and because Zoe Liss is named solely due to Arizona community property law and did not participate in actions upon which the lawsuit is based, the Court will refer to Plaintiffs collectively as "Liss" or "Plaintiff."

- 2 -

On October 24, 2005, Exel filed a Motion for Partial Judgment on the Pleadings as to Count II of Plaintiff's Complaint. (Doc. No. 62.) Liss responded on November 10, 2005, and Exel replied on November 21, 2005. (Doc. Nos. 63, 64.)

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), as Liss is a citizen of Arizona, Exel is a foreign corporation, and the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999).

When considering a Rule 12(c) motion, the Court cannot consider evidence beyond the submitted pleadings. Instead, the Court must take "all the allegations in the pleadings as true," and grant a motion for judgment on the pleadings only as a matter of law. Id. If the Court does consider matters outside the pleadings, the Rule 12(c) motion shall be treated as a motion for summary judgment and disposed of in accordance with Rule 56. FED. R. CIV. P. 12(c).

For purposes of disposing of the pending Motion for Partial Judgment on the Pleadings, the Court will not consider extraneous evidence and will not construe the motion as one for summary judgment under Rule 56. The Court will assume that all allegations made in the pleadings are true and only grant Defendant's Motion if it is entitled to judgment as a matter of law.

## DISCUSSION

Defendant moves this Court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to Count II of Plaintiff's Complaint only. As a matter of law, Defendant argues that Plaintiff's claim for treble damages under A.R.S. § 23-355 fails, even if Plaintiff's assertion that Defendant breached the 1994 employment agreement

- 3 -

1 ("the Agreement") is assumed to be true. Defendant contends that Plaintiff waived his right
2 to recover treble damages in Section 6.03 of the Agreement.

3 Plaintiff counters that Defendant's Motion for Partial Judgment on the Pleadings
4 should be denied. He argues that (a) he did not waive his right to recover treble damages
5 because he was not represented by counsel when he negotiated or signed the Agreement; (b)
6 Section 6.03 of the Agreement constitutes an unenforceable liquidated damages clause
7 because it is a penalty; (c) if Plaintiff is not entitled to treble damages for his pre-termination
8 compensation, Plaintiff is entitled to treble damages for his "post-employment"
9 compensation; and (d) because Defendant has not paid Plaintiff post-employment
10 compensation, Defendant is not entitled to enforce its claim that Plaintiff waived treble
11 damages.

12 Section 6.03 of the Agreement states:

> Upon termination of this Agreement pursuant to Section 5.01(g) (Employer's breach), Employer [Exel] shall pay to Executive [Liss] all of the compensation set forth in Section 3, including bonus pursuant to Section 3.02, for twelve months subsequent to the breach. All post-employment compensation paid by Employer under the terms of this Section 6 shall be calculated in the manner set forth in Section 3 hereof and shall constitute liquidated damages which Executive hereby agrees to accept as his exclusive remedy for any breach of the obligations of the Employer hereunder hereby waiving any right to punitive or exemplary damages.

(Ex. A to Compl., Ex. B. to Countercl.)

19 Defendant argues that the above section constitutes a waiver of Plaintiff's ability to
20 recover treble damages and therefore partial judgment on the pleadings should be granted as
21 a matter of law. In support of this argument, Defendant points to Swanson v. The Image
22 Bank, Inc., 77 P.3d 439 (Ariz. 2003). In Swanson, an executive who was represented by
23 counsel negotiated a contract which contained a forum selection clause. Id. at 440. Because
24 the law of Texas, rather than that of Arizona, applied, the executive was unable to recover
25 treble damages pursuant to A.R.S. § 23-355. Id. at 444. The Arizona Supreme Court held
26 that "parties experienced in business, represented by counsel, and having relatively equal
27 bargaining strength, may, by express provision in a negotiated contract, surrender the
28 statutory remedy under A.R.S. § 23-355." Id. The court noted in a footnote that the parties

- 4 -

were not "unsophisticated or inexperienced in business and commerce, and neither was in need of protection from the other's superior bargaining power" and commented that the contract was detailed and had been "negotiated and drafted by competent counsel." Id. at n.5.

Defendant Exel argues Plaintiff Liss is a sophisticated and experienced businessman who negotiated the contract for over a year and was capable of waiving his statutory remedies. (Def.'s Reply at 6.) Defendant contends that the Swanson court's holding concerns sophisticated parties with equal bargaining power, and that the focus should not be on whether Plaintiff was represented by counsel. (Id. at 6-7.) In addition, Defendant argues that statutory damages under A.R.S. § 23-355 are punitive in nature and therefore Plaintiff waived his right to them in Section 6.03, which states that he "waiv[es] any right to punitive or exemplary damages." (Def.'s Mot. at 5-6.) Plaintiff, on the other hand, reads Swanson as requiring legal representation in order for a party to waive treble damages under A.R.S. § 23-355. (Pl.'s Resp. at 9.)

The Court agrees with Plaintiff's interpretation. In Swanson, the Arizona Supreme Court explicitly held that parties to a contract must possess three attributes to waive the statutory remedy of A.R.S. § 23-355: "[w]e hold that parties experienced in business, represented by counsel, *and* having relatively equal bargaining strength, may, by express provision in a negotiated contract, surrender the statutory remedy under A.R.S. § 23-355." Swanson, 77 P.3d at 444 (emphasis added). Here, Plaintiff was clearly experienced in business; he was a high-level executive at Exel. It is undisputed, however, that Plaintiff was not represented by counsel when he negotiated or signed the agreement. Additionally, whether the parties Plaintiff had relatively equal bargaining power is not apparent from the pleadings. Finally, the Court cannot determine from the pleadings whether Plaintiff was aware of the possible scope of the phrase "punitive or exemplary damages" in Section 6.03 when he signed or negotiated the Agreement.

The Court recognizes that the Arizona Supreme Court is "the ultimate expositor" of Arizona law and its constructions of Arizona law bind this Court. See Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). The plain language of the Arizona Supreme Court's decision in

Swanson clearly requires three elements be present in order for parties to a contract to waive the statutory remedy under A.R.S. § 23-355. Swanson, 77 P.3d at 444. Because at least one of those elements is absent in the pleadings before the Court, and because it is not clear from the pleadings whether Plaintiff was aware of all remedies possibly encompassed in Section 6.03 of the Agreement, the Motion for Partial Judgment on the Pleadings must be denied as a matter of law.[2]

## CONCLUSION

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings [Doc. No. 62] is DENIED.

DATED this 12th day of December, 2005.

*[signature]*
Stephen M. McNamee
Chief United States District Judge

---

[2] Because the Court has denied the Motion on the above grounds, it need not address Plaintiff's remaining arguments.