**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert E. LISS and Zoe LISS,<br><br>   Plaintiffs,<br><br>v.<br><br>EXEL TRANSPORTATION SERVICES,<br>INC. et al.,<br><br>   Defendants.<br>_____<br><br>EXEL TRANSPORTATION SERVICES,<br>INC.,<br>   Counterclaimant,<br><br>v.<br><br>Robert E. LISS and Zoe LISS,<br><br>   Counterdefendants.<br>_____ | No. CIV-04-2001-PHX-SMM<br><br>**ORDER** |

   Before the Court is Plaintiff-Counterdefendant Robert E. Liss's ("Liss") Motion for Leave to Amend Complaint (Dkt. 243).  Plaintiff seeks to amend the complaint to include claims against Defendant-Counterclaimant Exel Transportation Services ("Exel") for unpaid bonus compensation in 2001 and 2002.  Having reviewed the parties' arguments, the Court issues this Order.

*//*

*//*

*//*

1

**BACKGROUND**

2      The dispute in this matter arose out of an employment agreement between Liss as

3 employee and Exel's predecessors as employers.[1]  On June 9, 2006 the parties stipulated

4 their  consent to file amended pleadings, an amended complaint and amended answer.  (Dkt.

5 114.)  On November 16, 2006 Exel moved for partial summary judgment on Liss's claims

6 for 2001 and 2002 bonus compensation, arguing that the First Amended Complaint did not

7 allege or plead that he is entitled to any bonus monies for 2001 and 2002.  (Dkt. 188.)  On

8 April 3, 2007, the Court granted Exel's motion, finding that the Amended Complaint "does

9 not make reference to unpaid bonus compensation for the years 2001 and 2002."  (Dkt. 213

10 at 10.)  On August 24, 2007, Liss filed this motion for leave to amend the complaint to

11 include claims against Exel for bonus monies for 2001 and 2002.  (Dkt. 243.)

12

**STANDARD OF REVIEW**

13      After a responsive pleading has been served, a party "may amend its pleading only

14 with . . . the court's leave.  The court should freely give leave when justice so requires."

15 Fed. R. Civ. P. 15(a)(2).  In deciding whether justice requires granting leave to amend,

16 factors to be considered include undue delay, bad faith or dilatory motive, futility of

17 amendment, prejudice to the opposing party; and repeated failure to cure deficiencies by

18 previous amendments.  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir.

19 1989).  If a deadline for filing amended pleadings set in a case management scheduling order

20 has passed, an amendment requires modification of the scheduling order and a showing of

21 "good cause."  Fed. R. Civ. P. 16(b)(4); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294

22 (9th Cir. 2000).  "Good cause" primarily considers the diligence of the party seeking the

23 amendment, although prejudice to the party opposing the modification provides an

24 additional reason to deny the motion.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

25 609 (9th Cir. 1992).

26

_____

27      [1] The factual background of this case is set forth in the Court's Order dated April 3, 2007

28 (Dkt. 213).

**DISCUSSION**

The Rule 16 Scheduling Order established June 2, 2006 as the deadline for filing amendments to the Complaint.  (See Dkt. 94, Scheduling Order at 2.) As a result, Liss must show "good cause" for modifying the scheduling order.  Fed. R. Civ. P. 16(b)(4).  In this case, Liss has not specifically request that the court modify its scheduling order, but has merely moved to amend his complaint.  The failure to seek modification of the scheduling order standing alone provides sufficient basis to deny Liss' motion.  See Mammoth Recreations, 975 F.2d at 608-609; see also U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985), superceded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996). Therefore Liss's motion is denied as untimely.

The Court would reach the same conclusion even if it treated Liss's motion as a de facto motion to modify the scheduling order.  Liss argues that it only became aware of the defects in the FAC until April 3, 2007.  However, Liss was on notice of the potential deficiency beginning on at least November 16, 2006 when Exel filed its motion for summary judgment on his claims for 2001 and 2002 bonus compensation.  (See Dkt. 188.)  Liss's response to that motion maintained that he had correctly pled those claims, and did not request in the alternative that he be granted leave to amend the FAC.  (See id.)  These actions are not compatible with a finding of diligence, and Liss has failed to demonstrate good cause for his belated motion.

Finally, the Court notes the futility of amending the complaint to assert claims for unpaid bonus compensation for 2001 and 2002.  Futility of amendment can justify denying leave to amend.  See Moore, 885 F.2d at 538.  In this case, it would be futile to grant leave to amend because the Court has already granted summary judgment on the claims Liss seeks to add.  (Dkt. 213, Order dated April 3, 2007.)  Liss argues that the "crux" of that order is that the FAC did not properly allege 2001 and 2002 bonus claims, and that the Court has not ruled on Liss's claims for 2001 and 2002.  (Liss's Reply at 2-3.)  Although the reason behind that order was the FAC's failure to expressly plead claims for 2001 and 2002, the

effect of that order was to grant Exel summary judgment on those claims.  (Order dated April 3, 2007 at 10.)  Permitting Liss leave to amend his complaint to more fully allege claims on which summary judgment has been granted is nothing if not an exercise in futility. Accordingly,

**IT IS HEREBY ORDERED** denying Liss's Motion For Leave to Amend Complaint (Dkt. 243).

DATED this 3rd day of January, 2008.

Stephen M. McNamee
United States District Judge

- 4 -