**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert E. LISS and Zoe LISS, | No. CIV-04-2001-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| EXEL TRANSPORTATION SERVICES, INC. et al., | |
| Defendants. | |
| EXEL TRANSPORTATION SERVICES, INC., | |
| Counterclaimant, | |
| v. | |
| Robert E. LISS and Zoe LISS, | |
| Counterdefendants. | |

Having reviewed the parties' written submissions and oral arguments, the Court issues this Order regarding the parties' motions in limine.

**IT IS HEREBY ORDERED** that Exel's motion to exclude any reference to the death of Zoe Liss (Dkt. 237) is **granted in part**. The parties' stipulated facts to be read to the jury shall be amended to provide specific language regarding the death of Zoe Liss.

//

//

//

**IT IS FURTHER ORDERED** that Exel's motion to exclude "untimely disclosed information" (Dkt. 238) is **granted in part and denied in part**. Exel's motion is **granted** insofar as it seeks to exclude the testimony of Mr. Edward Tracey, as the last-minute disclosure of Mr. Tracey as a witness did not provide Exel with adequate time to conduct discovery on Mr. Tracey. Exel's motion is **denied** insofar as it seeks to exclude the testimony of Mr. Joe Manhart because Liss's initial disclosures adequately informed Exel of the nature of Mr. Manhart's expected testimony, and his declaration is inadmissible hearsay. Exel's motion is **denied** as to Liss's calculations of damages for tortious interference. Exel received the calculations within a sufficient time to conduct discovery on the calculations or request an extension of the discovery cut-off date. Any foundational issues regarding the calculations may be raised at trial. Exel's motion is **granted** insofar as it seeks to exclude theories of recovery not contained in the First Amended Complaint—that Exel "engaged in a course of conduct beginning in 1997 to deprive Liss of the benefits of the Agreement," and a claim for breach of the covenant of good faith and fair dealing. The First Amended Complaint does not put Exel on notice that a "course of conduct beginning in 1997" would be at issue in this matter; the earliest date mentioned is December 31, 2003.[1] Similarly, the First Amended Complaint does not state a claim for breach of the covenant of good faith and fair dealing, nor is that claim automatically subsumed within Liss's claim for breach of contract. Rawlings v. Apodaca, 726 P.2d 565, 573 (Ariz. 1986)(holding that not every breach of an express covenant is a breach of the covenant of good faith and fair dealing); Bike Fashion Corp. v. Kramer, 46 P.3d 431, 435 (Ariz. App. 2002)(noting that a party may breach the covenant of good faith and fair dealing by acting in ways not expressly excluded by the contract's terms).

**IT IS FURTHER ORDERED** that Exel's motion to exclude Liss's damages for Exel's alleged tortious interference with business relations (Dkt. 239) is **denied**. Whether any such

---

[1] This ruling does not extend to evidence of the dates upon which the Agreement and subsequent addenda were formed, nor to the contents thereof.

- 2 -

damages run to Liss or to CPM is an issue of fact to be determined by the jury. Any foundational issues regarding the calculations may be raised at trial.

**IT IS FURTHER ORDERED** that Exel's motion to exclude evidence of Exel's alleged underpayment of bonus compensation to Plaintiff for fiscal years 2001 and 2002 (Dkt. 240) is **denied.** Although Liss cannot introduce the evidence to support an affirmative claim for underpayment (see Dkt. 287 (denying leave to amend complaint)), Liss can introduce the evidence to rebut Exel's claim for overpayment of bonus compensation for fiscal years 2001 and 2002.

**IT IS FURTHER ORDERED** that Exel's motion to exclude expert testimony of Laura Leopardi, and to exclude evidence or references to Exel's profits for fiscal year 2004 (Dkt. 241) is **denied**. Any assumptions contained in Ms. Leopardi's opinion and report affect the weight of the testimony, not the admissibility, unless the assumptions include facts not in evidence. Regarding Exel's profits for fiscal year 2004, the Agreement does not address the situation at issue—the calculation of bonuses for partial years. The 2004 profits are therefore potentially relevant if it is determined that a partial-year bonus exists for fiscal year 2004.

**IT IS FURTHER ORDERED** that Liss's motion regarding A.R.S. § 12-541(3) and Exel's claims under the Agreement which arose prior to October 6, 2006 (Dkt. 246) is **denied.** A question of fact exists as to when Exel should have discovered the claims arising under the Agreement. These claims are also relevant to claims and affirmative defenses which are not subject to A.R.S. § 12-541(3).

**IT IS FURTHER ORDERED** that Liss's motion to exclude evidence of Exel's qualification as a third-party beneficiary (Dkt. 247) is **denied as moot** based on the representation by Exel's counsel that they will not dispute that Exel is a party to the Agreement.

**IT IS FURTHER ORDERED** that Liss's motion to exclude portions of the McDonough Report addressing the 2001 and 2002 bonuses, and 2002 to 2004 expense reports (Dkt. 248), is **denied.** A question of fact exists as to the parties' intent regarding § 3.02(g) of the Agreement.

**IT IS FURTHER ORDERED** that Exel's motion to exclude evidence of profits Exel earned after January 1, 2005 ("post-2004 profits") and evidence of Exel's bonus accrual accounting method (Dkt. 254) is **granted in part and denied in part**. As evidence of post-2004 profits is potentially relevant to the amount of punitive damages under Liss's tortious interference claim, such evidence is admissible. If the Court determines there is sufficient evidence to submit the issue of punitive damages to the jury, such evidence will be admitted subject to a limiting instruction. Exel's motion is therefore **denied** as to Exel's post-2004 profits. Regarding the bonus accrual accounting method, Exel's actual figures are available and constitute the best evidence for every year at issue in this case. The parties can use the actual figures to determine Liss's value to Exel for the years at issue. Exel's motion is therefore **granted** as to the bonus accrual method.

DATED this 29th day of February, 2008.

Stephen M. McNamee
United States District Judge

- 4 -